UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**JOHNNY WILLIAMS**          **CIVIL ACTION NO. 3:12-cv-1231**
    **LA. DOC #344668**
**VS.**          **SECTION P**

         **JUDGE ROBERT G. JAMES**

**WARDEN BURL CAIN**          **MAGISTRATE JUDGE KAREN L. HAYES**

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Johnny Williams, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 14, 2012.[1] Petitioner attacked his convictions for aggravated rape and false imprisonment while armed with a dangerous weapon and the concurrent sentences of life and 5 years imposed by the Fourth Judicial District Court, Ouachita Parish. On September 10, 2012 petitioner was directed to amend his petition to provide information needed to conduct and complete an initial review of his claims.[2] Petitioner was directed to provide this information on

---

[1] Petitioner filed a petition for writ of habeas corpus attacking this same conviction on November 3, 2011. That pleading was stricken on February 15, 2012 when petition failed to submit the pleading on the form required by Local Rule 3.2, and, after having been directed to do so. *See Williams v. Warden*, Civil Action No. 3:11-cv-1993.

[2] Petitioner was directed to provide:
1. A copy of the Brief on Appeal filed on petitioner's behalf by his appellate counsel, and, a copy of the Pro Se Brief on Appeal filed by the petitioner; 2. A **DATED** copy of the application for writs filed in the Louisiana Supreme Court on Direct Review under Docket Number 2009-KO-1746; 3. A **DATED** copy of his application for post-conviction relief filed in the Fourth Judicial District Court; 4. A copy of the trial court's judgment/reasons for judgment denying post-conviction relief; 5. A copy of the application for writs filed in the Second Circuit Court of Appeals seeking review of the denial of petitioner's application for post-conviction relief; 6. A copy of the Judgment of the Second Circuit Court of Appeals denying post-conviction relief; 7. A **DATED** copy of petitioner's application for writs filed in the Louisiana Supreme Court on Collateral Review under Docket Number 2011-0965; and, 8. Petitioner should provide a complete statement of his current claims for relief along with a memorandum addressing each claim and establishing that each claim was fairly presented to the Louisiana Courts. Further, it


or before October 20, 2012. Petitioner has not responded to the order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Petitioner's failure to abide by an order of the court warrants dismissal of the complaint.[3] Therefore,

---

appears that Claim 3 – concerning the viewing of evidence by the jury – was dismissed as procedurally defaulted. Petitioner should provide evidence and argument to demonstrate that the claim was not procedurally defaulted or, he should demonstrate cause and prejudice for the default or show that the court's failure to review the claim will result in a miscarriage of justice.

[3]The undersigned further finds that to the extent that 28 U.S.C. §2244(d) may bar petitioner from re-filing the instant petition, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, petitioner has apparently ignored a specific court order directing him to amend his complaint; he has not responded to that order nor has he requested additional time to respond. Indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his amended petition and motion to proceed *in*

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, January 14, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

*forma pauperis* on June 10, 2012. Further, as noted above, petitioner has a history of failing to comply with court orders.

**Finally, this is a recommendation. Petitioner may object to this recommendation and if he does, he is encouraged to demonstrate good cause for his failure to abide by the September 10, 2012 memorandum order and to submit the documents, exhibits, and information therein requested.**