UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHNNY WILLIAMS** | **CIVIL ACTION NO. 3:12-cv-1231** |
|     **LA. DOC #344668** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Johnny Williams, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 14, 2012.[1] Petitioner attacks his convictions for aggravated rape and false imprisonment while armed with a dangerous weapon and the concurrent sentences of life and 5 years imposed by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.

*Background*

On February 1, 2008, petitioner was found guilty as charged of aggravated rape and false imprisonment while armed with a dangerous weapon. On October 8, 2008, concurrent sentences

---

[1] Petitioner filed a petition for writ of habeas corpus attacking this same conviction on November 3, 2011. That pleading was stricken on February 15, 2012, when petitioner failed to submit the pleading on the form required by Rule 3.2 of the Western District, after having been directed to do so. *See Williams v. Warden*, Civil Action No. 3:11-cv-1993.

of life and five years were imposed. He appealed his conviction to the Second Circuit Court of Appeals where, through counsel, he argued a single claim for relief – the trial court erred in denying his challenge for cause of a prospective juror. He submitted a *pro se* brief in which he argued that the trial court erred in allowing the State to amend the bill of indictment and in allowing the jury to view trial evidence outside the presence of defendant and his counsel. [Doc. 13-2, pp. 1-11 and pp. 12-17] On June 24, 2009, the Second Circuit affirmed his convictions and sentence. *State of Louisiana v. Johnny R. Williams, Jr.*, 44,418 (La. 6/24/2009), 15 So.3d 348.

On July 20, 2009 petitioner submitted a *pro se* petition for writ of review to the Louisiana Supreme Court raising only two claims – the juror challenge claim and the amendment of indictment claim. [Doc. 13-2, pp. 18-28] On March 26, 2010, his writ application was denied without comment. *State of Louisiana v. Jonny R. Williams, Jr.*, 2009-1746 (La. 3/26/2010), 29 So.3d 1250. He did not seek further direct review in the United States Supreme Court.

On July 30, 2010, he filed an application for post-conviction relief in the Fourth Judicial District Court.[2] [Doc. 1-2, pp. 1-25; Doc. 13-2, pp. 29-52] On September 7, 2010, the application was dismissed as procedurally defaulted pursuant to La. C.Cr.P. art. 930.4.[3]

---

[2] In his application, petitioner raised claims of (1) ineffective assistance of counsel based on counsel's failure to allow petitioner to testify; (2) the denial of his right to a speedy trial; (3) the trial court erred in granting the State's peremptory challenge to exclude Juror Correo, and; (4) ineffective assistance of counsel based on counsel's failure to object to the state's use of its peremptory challenge; (5) confusing jury instructions; (6) prosecutor knowingly corrected perjured testimony; (7) the trial judge injected his personal views and religious beliefs into the voir dire examination; and (8) counsel was ineffective for failing to object or request a mistrial. [Doc. 1-2, pp. 1-25; Doc. 13-2, pp. 29-52]

[3] The article provides: "A. Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.

Petitioner was granted a period of time within which to state cause for his default. [Doc. 13-2, p. 58] It is unclear whether or not petitioner complied with this order; in any event, his application was denied on November 30, 2010. Petitioner submitted a bare bones application for writs to the Second Circuit Court of Appeals. [Doc. 13-2, pp. 53-57] On March 16, 2011, the Second Circuit Court of Appeals denied writs. He then submitted another bare bones pleading to the Supreme Court [Doc. 13-2, pp. 59-66] on April 12, 2011, and on February 10, 2012, his writ application was denied. *State of Louisiana ex rel. Johnny Williams, Jr. vs. State of Louisiana*, 2011-0965 (La. 2/10/2012), 80 So.3d 478.

On May 14, 2012, petitioner filed the instant *pro se* petition raising only three claims for relief, namely those raised on direct appeal – (1) the trial court erred in denying petitioner's challenge for cause of prospective juror Jennifer R. Brown; (2) the trial court erred when it allowed the state to amend the indictment; and (3) the trial court erred in allowing the jury to examine evidence outside the presence of the defendant. In his brief in support of *habeas corpus*, he provided argument only with respect to Claims One and Two. [Doc. 1] On September 10,

---

B. If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court may deny relief.

C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.

D. A successive application may be dismissed if it fails to raise a new or different claim.

E. A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

F. If the court considers dismissing an application for failure of the petitioner to raise the claim in the proceedings leading to conviction, failure to urge the claim on appeal, or failure to include the claim in a prior application, the court shall order the petitioner to state reasons for his failure. If the court finds that the failure was excusable, it shall consider the merits of the claim."

2012, the undersigned ordered petitioner to amend his petition to provide additional documentary evidence[4] and to "...provide a complete statement of his current claims for relief along with a memorandum addressing each claim and establishing that each claim was fairly presented to the Louisiana Courts." [Doc. 9] When petitioner did not respond to this order, the undersigned recommended dismissal of his petition pursuant to Federal Rules of Civil Procedure Rule 41(b). [Doc. 10] Petitioner timely objected and advised the court that his failure to comply with the amend order was due to his confinement in lock down. [Doc. 11] On February 4, 2013, petitioner was granted an extension until March 1, 2013, to comply with the amend order. [Doc. 12] On March 1, 2013, he submitted a duplicate copy of the original memorandum in support of *habeas corpus* along with some, but not all of the documents requested.[5] [See Doc. 13] As noted above, petitioner raised three claims for relief in his original and amended petitions; however, he briefed only the issues involving the denial of his challenge for cause, and provided an extremely brief

---

[4] He was ordered to provide, "1. A copy of the Brief on Appeal filed on petitioner's behalf by his appellate counsel, and, a copy of the Pro Se Brief on Appeal filed by the petitioner; 2. A **DATED** copy of the application for writs filed in the Louisiana Supreme Court on Direct Review under Docket Number 2009-KO-1746; 3. A **DATED** copy of his application for post-conviction relief filed in the Fourth Judicial District Court; 4. A copy of the trial court's judgment/reasons for judgment denying post-conviction relief; 5. A copy of the application for writs filed in the Second Circuit Court of Appeals seeking review of the denial of petitioner's application for post-conviction relief; 6. A copy of the Judgment of the Second Circuit Court of Appeals denying post-conviction relief; 7. A **DATED** copy of petitioner's application for writs filed in the Louisiana Supreme Court on Collateral Review under Docket Number 2011-0965..." [Doc. 9]

[5] He provided a copy of both the counseled and pro se briefs on appeal [Doc. 13-2, pp. 1-11; 12-17]; a copy of the pro se writ application filed in the Supreme Court on direct review [Doc. 13-2, pp. 18-28]; a copy of the pro se application for post-conviction relief filed in the District Court [Doc. 13-2, pp. 29-52]; a copy of the pro se writ application he filed in the Second Circuit [Doc. 13-2, pp. 53-57]; a copy of the Court's September 7, 2010 judgment dismissing his post conviction claims pursuant to article 930.4 [Doc. 13-2, p. 58]; and, a copy of the pro se writ application filed in the Louisiana Supreme Court [Doc. 13-2, pp. 59-66]

argument concerning the State's amendment of the bill of indictment, even after he was specifically directed to "...provide a complete statement of his current claims for relief along with a memorandum addressing each claim and establishing that each claim was fairly presented to the Louisiana Courts." [Doc. 9]

*Law and Analysis*

*1. Rule 4 Considerations and AEDPA Standard for Review – Claims 1 and 2*

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

As previously noted, petitioner has throughout these proceedings raised only three claims for relief: (1) The trial court erred in denying defendant's challenge for cause of prospective juror, Jennifer R. Brown; (2) Trial court erred when it allowed the state to amend the Grand Jury Indictment that broadened and altered the offense charged; and (3) The jury's examination of evidence outside defendant's presence violated La. C.Cr.P. art. 831. [Docs. 1 and 13-1, p. 4] These claims were raised on direct appeal. The Court of Appeals addressed the merits of Claims 1 and 2 and those claims were then presented to the Louisiana Supreme Court in petitioner's *pro se* writ application.[6]

Since the Court of Appeals addressed the merits of these claims, federal *habeas corpus*

---

[6] The Court of Appeals declined to reach the merits of Claim 3 because petitioner failed to lodge a contemporaneous objection as required by La. C.Cr.P. art. 841. Further, petitioner did not present this claim to the Supreme Court. As is shown more fully below, Claim 3 is procedurally defaulted.

review is governed by the provisions of the AEDPA, specifically 28 U.S.C. § 2254(d)(1) and (2) which define the standard for review.

Under the AEDPA, *habeas* relief is not available to a state prisoner on a claim which was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §§ 2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), while pure questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001). The state court's decision is contrary to federal law within the meaning of § 2254(d)(1) if the state court applies a rule contradicting the governing law set forth in the Supreme Court's cases, or the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's factual findings constitute "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. The inquiry into the issue of "unreasonableness" is objective. *Id.* at 409-10. A state court's <u>incorrect</u> application of clearly established Supreme Court precedent is not enough to warrant federal *habeas* relief – the application must also be <u>unreasonable</u>. *Id.* at 410-12 (emphasis supplied).

6

The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). In order to obtain *habeas* relief on the ground that the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the petitioner must rebut by clear and convincing evidence the presumption that the state court's factual findings are correct. See *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir.2000). "[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law." *Catalan v. Cockrell*, 315 F .3d 491, 493 (5th Cir.2002), citing *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002) (*en banc*).

### A. Claim 1 – Challenge for Cause

Applying Louisiana law, the Second Circuit Court of Appeals concluded –

> Prejudice is presumed when a challenge for cause is erroneously denied by a trial court and the defendant has exhausted his peremptory challenges. *State v. Cross*, 93–1189 (La.6/30/95), 658 So.2d 683. Thus, '[t]o prove there has been reversible error warranting reversal of the conviction and sentence, defendant need only show (1) erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges.' *State v. Ross*, 623 So.2d 643, 644 (La.1993). The trial judge is vested with broad discretion in ruling on challenges for cause, and his ruling will only be reversed when review of the entire voir dire shows the trial judge abused his discretion. *State v. Robertson*, 92–2660 (La.1/14/94); 630 So.2d 1278, *cert denied*, 525 U.S. 882, 119 S.Ct. 190, 142 L.Ed.2d 155 (1998).
> \* \* \*
> Prospective jurors, being members of the community, bring with them their life experiences and attendant personal beliefs. A juror is disqualified from service only when the juror's experiences and beliefs render the juror unimpartial or unable to accept the law as given by the court. La. C. Cr. P. art. 797. In this case, the juror's responses as a whole and the entire voir dire demonstrate that the juror could be impartial and accept the law as given by the court, so the trial judge did not abuse his discretion by denying the defendant's challenge for cause to J.R.B. This assignment of error is without merit.

*State v. Williams*, 44,418 (La. App. 2 Cir. 6/24/2009), \*\*5-7, 15 So.3d 352-53. As noted above,

"[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law." *Catalan v. Cockrell*, 315 F .3d 491, 493 (5th Cir.2002), citing *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002) (*en banc*). In order to prevail on this claim, petitioner must show that the State court's decision, i.e., that his first assignment of error was without merit, was, "... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." As noted by the Court of Appeals, Louisiana law presumes prejudice in those instances where the challenge for cause is denied erroneously by the trial court AND the defendant ultimately exhausts his peremptory challenges. (*See State v. Ross*, 623 So.2d 643, 644 (La.1993)). The established federal law of the Supreme Court holds otherwise.

Petitioner admits, and the opinion of the Court of Appeals clearly indicates that upon the denial of his challenge for cause to the juror in question, petitioner exercised a peremptory challenge to have her excluded from the jury. In *Ross v. Oklahoma*, 487 U.S. 81, 88, 108 S.Ct. 2273, 2278 (1988), the Supreme Court, observed, "... we reject the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. We have long recognized that peremptory challenges are not of constitutional dimension. [citations omitted] They are a means to achieve the end of an impartial jury. So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated. [citations omitted] In other words, established Federal law holds that so long as the complained of juror was ultimately removed by the use of the defendant's peremptory challenge, any Sixth Amendment claim that the jury was not

8

impartial was required to focus, not on the excused juror, as petitioner has done herein, but rather on the jurors who ultimately sat in judgment. The mere loss of a peremptory challenge does not constitute a violation of the Sixth Amendment's guarantee of an impartial jury. Finally, a state court's failure to remove for cause a juror who should have been removed and which results in requiring the defendant to use a peremptory challenge, does not violate defendant's Fourteenth Amendment right to due process by arbitrarily depriving him of the full compliment of peremptory challenges allowed under state law. *Ross*, 487 U.S. 88-89.

Since petitioner has not demonstrated that the Court of Appeals' ruling on his challenge was an unreasonable application of clearly established Federal law, his first claim for relief must be dismissed.

### B. Claim 2 – Amendment of Bill of Indictment

Petitioner has provided little in the way of factual or legal support for Claim 2. The basis for this claim was articulated by the Court of Appeals as follows:

> A Ouachita Parish grand jury originally indicted Williams on October 26, 2006, for aggravated rape, aggravated kidnapping and false imprisonment. Trial was eventually set for August 13, 2007. On that date, the court took up a pretrial matter, and then the court proceeded to commence jury selection. At that point, the prosecutor moved to file an amended bill of information which deleted the aggravated kidnapping charge but upgraded the false imprisonment charge to false imprisonment with the use of a weapon.
>
> Williams argues that the trial court erred in allowing the state to amend the charge against him on the day of trial in August 2007. At the time the state filed the amending charge, trial had not yet begun. Ultimately, however, after various continuances granted to both the defense and the state, trial did not occur until January 2008.

*State v. Williams*, at **7-8; 353.

Ultimately, the Court of Appeals, having found no prejudice resulting to the defendant,

relied upon La. C.Cr.P. art. 921 to deny relief. That statute provides, "A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."

The Sixth Amendment guarantees to the accused the right "to be informed of the nature and cause of the accusation" and that this provision is applicable to the States through the Fourteenth Amendment. *Spinkellink v. Wainwright*, 578 F.2d 582, 609 n. 32 (5th Cir.1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979). However, the question of whether an accused was denied the right to be informed of the charge against him does not turn exclusively upon the content of the indictment or information. In other words, a State defendant's constitutional right to notice of the charge brought against him can be satisfied by the availability of other means of obtaining notice of the factual or legal basis of the charges against him, such as a bill of particulars, a preliminary examination and criminal pre-trial discovery. *See Liner v. Phelps*, 731 F.2d 1201 (5th Cir.1984). Thus, so long as the indictment or information is sufficient to give the convicting court jurisdiction under state law and if the accused has not been denied the opportunity to obtain sufficient notice of the factual and legal basis of the charge against him through other available means, no basis for federal *habeas corpus* relief flows from the alleged failure of the indictment or information to provide notice regarding the various particulars of the charge brought against the petitioner.

The Court of Appeals' determination that the amendment of the bill of indictment caused no prejudice to the petitioner has not been shown to be an unreasonable application of Federal law. Petitioner's second claim is likewise without merit.

### *C. Claim 3 – Jury's Examination of Evidence*

Petitioner's Third Claim for relief was dismissed as procedurally defaulted pursuant to La. C.Cr.P. art. 841 which provides, in part, "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence..."

Federal *habeas corpus* review of state court convictions is limited by the intertwined doctrines of procedural default and exhaustion of state court remedies. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails properly to exhaust all available state court remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–55 (5th Cir.1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

La.C.Cr.P. art 841, Louisiana's contemporaneous objection rule, prohibits appellate review of errors which were not timely objected to at trial. The Louisiana Supreme Court and all of the State's courts of appeal have consistently and uniformly applied this rule to bar review of errors which were raised and argued for the first time on appeal. *See State v. Manning*, 2003–1982 (La.10/19/2004), 885 So.2d 1044; *State v. Sykes*, 2003–397 (La.App. 3 Cir. 10/08/2003), 857 So.2d 638; *State v. Bolden*, 03–0266 (La.App. 5 Cir. 07/29/2003), 852 So.2d 1050; *State v. Odoms*, 01–1033 (La.App. 5 Cir. 03/26/2002), 815 So.2d 2004; *State v.*

*Bridgewater*, 2000–1529 (La.01/05/2002), 823 So.2d 877; *State v. Wilson*, 2000–1736 (La.App. 4 Cir. 11/14/2001), 803 So.2d 102. Further, the United States Supreme Court has determined that the violation of a state's contemporaneous objection rule provides sufficient grounds to support dismissal of a subsequent federal *habeas* petition as procedurally defaulted. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1984).

In addition, as shown previously, petitioner did not seek further review of this claim by presenting it to the Louisiana Supreme Court for adjudication on direct review.  In other words, petitioner failed to exhaust state court remedies as to this claim when he chose to omit it from his writ application on direct review. At this stage of the proceedings, should petitioner attempt to return to the Louisiana Courts to raise this direct appeal claims anew, his efforts would be doomed to failure since a second application for post-conviction relief would be barred by the provisions of La.C.Cr.P. art. 930.4(D) which prohibit repetitive applications, or, more likely, as time-barred by La.C.Cr.P. art. 930.8 which establishes a two-year period of limitations for filing post-conviction claims.

This court may not review the merits of petitioner's procedurally defaulted claim unless he demonstrates that he should be excused from application of the procedural default doctrine. This he can do showing either cause and prejudice or that a miscarriage of justice will result from the denial of federal *habeas corpus* review. *See McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct.2074, 135 L.Ed.2d 457 (1996); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

As noted above, petitioner did not even brief the merits of this claim in either his original or amended petition and memoranda; he has not demonstrated cause and prejudice for his default, nor does he claim that a miscarriage of justice will occur should the Court reject his claim on procedural grounds. Indeed, his failure to address the third claim suggests that he wishes to abandon the claim.

*Recommendation*

Considering the foregoing,

**IT IS RECOMMENDED THAT** this petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the District Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

      In Chambers, Monroe, Louisiana, May 3, 2013.

 

KAREN L. HAYES
U. S. MAGISTRATE JUDGE